## ADMINISTRATOR REQUIRED TO SHOW AUTHORITY TO SELL.

Circuit Court of Summit County.

W. Y. Humphries et al v. H. E. Loomis et. al.

Decided, April 12, 1911.

*Sale of Stock by Administrator—Buyer May Require Proof that Seller is Administrator and Has Order to Sell.*

One who has agreed to buy stock belonging to an estate has a right to refuse to accept it until he is furnished proof that the person agreeing to sell it is administrator of the estate and has obtained an order of the proper court fixing the price at which the sale may be made.

*Slabaugh, Seiberling & Huber* and *John P. Hunter*, for plaintiffs in error.

*Voris, Vaughn & Voris, Rogers & Rowley* and *C. C. Benner*, contra.

Winch, J.; Henry, J., and Marvin, J., concur.

This was an action for the purchase price of 10,000 shares of the capital stock of the Powell Coal & Coke Co. at an agreed price of $100,000 which plaintiffs claimed to have sold and delivered to the defendants under a certain contract with them.

In the common pleas court a verdict for the defendants was directed at the close of the plaintiff's evidence.

Very interesting propositions of law have been argued in this court regarding the proper legal effect to be given to said contract, but, for the first time in this court we are told, objection

to the validity of said contract is based upon a lack of valid signatures thereto on the part of the plaintiffs.

If this point is well taken, a verdict for the defendants was properly directed, and it is unnecessary to determine other matters.

Among other signatures to the contract appears the following: "Estate of Richard M. Jennings, Evan D. Jennings, administrator, 449 shares."

The answer of the defendants admits that they signed the alleged contract, but says that it "was never delivered either by said plaintiffs or said defendants, and never at any time became of any validity, or gave rise to any liability whatsoever on the part of said defendants or either of them." It further alleges that "said plaintiffs did not execute and deliver said instrument in writing to said defendants on or before October 15th, 1907 (the day set for the completion of the negotiations), but on the contrary, never did execute and deliver same."

Proof was made that 449 shares of said stock stood in the name of Richard M. Jennings, but no proof was offered that Evan D. Jennings was administrator of his estate, or that he had any order of the proper court of Pennsylvania authorizing or directing him to sell it or to enter into a contract for the sale thereof.

No evidence was offered as to the laws of Pennsylvania governing administrators in the sale of shares of stock belonging to the estates of deceased persons, so we must assume that its laws on the subject are the same as the laws of Ohio. Section 10704, General Code, provides:

"The executor or administrator may sell either at public or private sale, railroad stock or other stock or shares in a corporation, but if he sells at private sale, it must be for a sum not less than for that purpose is fixed by an order of the probate court."

Such being the law, it seems that one buying stock belonging to an estate has a right to demand proof that the person offering to sell such stock is administrator of the estate, and has an order of the proper court fixing the price at which the sale may be made.

No proof of these facts having been presented to the defend ants, they had a right to refuse to go on with the contract, and no evidence being adduced on the subject at the trial, the court properly held that the defendants were not bound by the contract, for their agreement was for all the stock and the Jennings stock was never so offered to them as to bind the Jennings estate.

The case of *Hicks* v. *Hicks*, 11 W. L. B., 72, cited by counsel for plaintiffs in error, is not in point. There Judge Blandin held that an executed sale of stock made by an administrator without an order from the probate court, but afterwards reported to the court in the administrator's account, which was approved by the court, would not be set aside, the purchaser having paid full value for the stock, and there being no fraud alleged.

But here we have a contract which the court is asked to enforce, notwithstanding the administrator had not complied with the plain direction of the law. Relief to him, under such circumstances, should be denied; the purchaser has asked no more than he had a right to ask, and the administrator has neglected his plain duty.

For the reasons stated, because it seems to be decisive of the case, and without consideration of the other important legal propositions so ably argued by counsel, the judgment of the common pleas court is affirmed.